UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENNY RAY CARTER,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>STATE OF CALIFORNIA, DEPARTMENT OF CORRECTIONS AND REHABILITATION,<br><br>　　　　Defendant. | 1:15-cv-00317-LJO-GSA-PC<br><br>ORDER DISMISSING THIS CASE AS DUPLICATIVE OF CASE 1:15-cv-0313-LJO-DLB-PC<br><br>ORDER FOR CLERK TO ADMINISTRATIVELY CLOSE CASE |

**I.　BACKGROUND**

　　Benny Ray Carter ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on March 2, 2015.  (ECF No. 1.)

**II.　DUPLICATIVE CASES**

　　"District courts retain broad discretion to control their dockets and '[i]n the exercise of that power they may impose sanctions including, where appropriate, default or dismissal.'" Adams v. California Dept. of Health Services, 487 F.3d 684, 688 (9th Cir. 2007) (quoting Thompson v. Hous. Auth. of City of Los Angeles, 782 F.2d 829, 831 (9th Cir.1986) (per curiam)).  "After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the

previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions." Adams, 497 F.3d at 688 (citing see Curtis v. Citibank, N.A., 226 F.3d 133, 138–39 (2d Cir. 2000); Walton v. Eaton Corp., 563 F.2d 66, 70–71 (3d Cir.1977) (en banc), cited with approval in Russ v. Standard Ins. Co., 120 F.3d 988, 990 (9th Cir.1997)).

"Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" Adams, 497 F.3d at 688 (quoting Walton, 563 F.2d at 70; see also Curtis, 226 F.3d at 138–39; Serlin v. Arthur Andersen & Co., 3 F.3d 221, 223–24 (7th Cir.1993)).

"To determine whether a suit is duplicative, we borrow from the test for claim preclusion." Adams, 497 F.3d at 688. "[T]he true test of the sufficiency of a plea of 'other suit pending' in another forum [i]s the legal efficacy of the first suit, when finally disposed of, as 'the thing adjudged,' regarding the matters at issue in the second suit." Id. (quoting The Haytian Republic, 154 U.S. 118, 124, 14 S.Ct. 992, 38 L.Ed. 930 (1894)). "Thus, in assessing whether the second action is duplicative of the first, we examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same." Adams, 497 F.3d at 689 (citing see The Haytian Republic, 154 U.S. at 124, 14 S.Ct. 992 ("There must be the same parties, or, at least, such as represent the same interests; there must be the same rights asserted and the same relief prayed for; the relief must be founded upon the same facts, and the ... essential basis, of the relief sought must be the same." (internal quotation marks omitted)); Curtis, 226 F.3d at 140 (holding that the trial court did not abuse its discretion in dismissing "Curtis II claims arising out of the same events as those alleged in Curtis I," which claims "would have been heard if plaintiffs had timely raised them"); Serlin v. Arthur Anderson & Co., 3 F.3d 221, 223 (7th Cir. 1993) ("[A] suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions." (internal quotation marks omitted)).

**Discussion**

The court record shows that Plaintiff has two civil rights cases pending before this court. The first case was filed on February 27, 2015 and is pending as case 1:15-cv-00313-LJO-DLB-PC; Carter v. State of California, et al. (Court Record.) The second case is the

present case, 1:15-cv-00317-LJO-GSA-PC, <u>Carter v. State of California Department of Corrections and Rehabilitation</u>, filed on March 2, 2015.  (ECF No. 1.)   The court has reviewed the two cases and finds that the complaint for the present case is identical to the complaint in case 1:15-cv-00313-LJO-DLB-PC; <u>Carter v. State of California, et al.</u>   Plaintiff brings a medical claim concerning a change in his pain medication in both complaints.  The exhibits to the complaints are the same, except that eleven additional exhibits are attached to complaint in case 1:15-cv-00313-LJO-DLB-PC; <u>Carter v. State of California, et al.</u> The exhibits in both cases are comprised of Plaintiff's medical records and copies of Plaintiff's prison appeal concerning his change in medication.  Both cases are civil rights actions pursuant to 42 U.S.C. § 1983, and the parties, allegations, claims, and requested relief are identical.  Thus, the court finds the two cases to be duplicative.  Based on these facts, the present case shall be dismissed.

**III.    CONCLUSION**

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1. This case is DISMISSED as duplicative of case 1:15-cv-00313-LJO-DLB-PC; <u>Carter v. State of California, et al.</u>; and
2. The Clerk is directed to administratively CLOSE this case.

IT IS SO ORDERED.

   Dated:   **September 15, 2015**          **/s/ Lawrence J. O'Neill**
                                            UNITED STATES DISTRICT JUDGE